Mr. Chief Justice TANEY
 

 delivered the opinion of the court
 

 A motion has been made to dismiss this case, for want of jurisdiction.
 

 . It appears that a man by the name of Gregory had obtained, by residence on the land mentioned in the proceedings, a right of preemption, under the act of Congress of 1838. But, before he paid the price fixed by the government in such cases, or máde the entry, he sold his right to Miller, one of the plaintiffs in error. Miller afterwards conveyed to a man by the name of Joslyn, in secret trust foi; himself, and subject to his control. ■ Subsequently to this conveyance, Joslyn, by the direction of Miller, conveyed to UdeM, the other plaintiff in error, in trust to sell to the highest bidder, and apply the proceeds to the • payment of -the creditors of Miller,
 
 pro rata,
 
 if they were not sufficient to pay all demands.
 

 
 *770
 
 Udell accepted the trust, and, after having done so, made an agreement with Gregory, by Which Gregory was to enter the land at the proper office, at the preemption price, and then convey to Udell ■ in trust, for the benefit of Miller’s creditors, reserving a small portion of the land to Gregory himself. Udell'was to furnish the money to enable Gregory to make the entry.
 

 ■Under this agreement, Udell executed a release to Gregory of all his right to the land, in order to enable him to make the entry as preémptioner, and at the same time took from him a note - for a thousand dollars, which was to be given up if Gregory made the conveyance according to his agreement.
 

 The land was worth á thousand dollars. The government price to the preémptioner was only two hundred- dollars, which sum was advanced by Udell to Gregory. One hundred and fifty dollars of this money belonged to the creditors of Miller, and was so applied, at his request, and upon his statement that this application would be for the interest of his creditors. The .remaining fifty was advanced by Udell,- to be repaid out of the proceeds of the land, when sold. But it does not appear that the defendant in error, or indeed any of Miller’s creditors, sanctioned this transaction at the time, or had knowledge of this application of the trust funds.
 

 With the money thus obtained, Gregory made the entry, and then executed a deed to Udell. This deed, upon the face of. it, is absolute, and contains no trust for the creditors.
 

 After having thus. obtained a conveyance, Udell refused to execute the trust, and therefore the defendant in error, as one of the creditors of Miller, .in behalf of himself and the other creditors, filed a bill in chancery, setting out more at large the1 facts above stated, and praying that the land might be sold for their benefit, in pursuance of the. trust.
 

 The plaintiffs in error demurred to the bill, assigning various causes of . demurrer, and, among others, that the transaction with Gregory, by which Udell obtained a conveyance, was- in violation of the act of 1838.
 

 The chancery court, upon the hearing, décided that, the land; in the hands of Udell was chargeable with the trust, and directed it to be sold, and the proceeds to be applied accordingly. This decree was affirmed in the Supreme Court of the State, and the present writ of error has been presented upon that judgment.
 

 It is unnecessary to notice any of the various causes of ■ demurrer assigned by the plaintiffs in error, except that which relies on the .provisions of the act of 1838. For this being a writ of error, to a State court, we have no right to revise its
 
 *771
 
 decision upon any of the other causes assigned, and the only question before this court is, whether any title, right, privilege, or exemption, claimed by the plaintiffs in error in the State court under this act of Congress, was drawn in question and decided against them.
 

 They do not claim that Udell obtained a valid, title by the entry made by Gregory, and his subsequent conveyance to Udell. And if their defence had been placed .on that ground, it would not have given jurisdiction to this court, because the proceeding to cjiarge it .with a trust created by contract would have been no impeachment of the grant made by.the United States.
 

 They defend themselves upon the ground, that the transaction between them and Gregory, by which the entry was made under a previous contract to convey, was a violation of the act of 1838. This is undoubtedly.true; for the act requires the party who claims tfce right of preemption by. residence to make oath that he' has not contracted to sell- or transfer the land, to any other person. And he is not permitted to purchase at the low price at which ' the' person, entitled to preemption is allowed tó buy, until this oath is' taken and filed with the register of the land-office'. And if he swears falsely, he is liable to an indictment for perjury, andfforfeits all title to the land, and deeds made by him convey no title, unless they are made to a
 
 bond fide
 
 purchaser without notice.
 

 The plaintiffs in error admit that they participated in the fraud, and consequently Udell, upon their own showing, has acquired no right to the land under the act of Congress on which he relies. They do not claim that he obtained a valid title under the law, but insist that the transaction was against its. policy, and in violation of- its principles. What right or privilege does he then claim'under this act of Congress? It is this. He not only admits, but insists, that, by á fraud Upon the government, he has obtained a deed to himself for this land, and that he, being trustee for the creditors of Miller, used the money which belonged to his
 
 cestui que trusts
 
 to accomplish his purposes; and now contends, that,' by means of this fraud upon the government, he has acquired under this act of Congress a right to perpetrate a fraud also upon his
 
 cestui que trusts.
 

 This, in plain words, is the amount of his defence; and this is the right or privilege which he claims under thé provisions of the act of 1838, and calls upon this court to recognize and maintain. We shall not comment .on such a claim. The writ of error must be dismissed, for want of jurisdiction.
 

 Order.
 

 This cause came on to be heard on the transcript of the
 
 *772
 
 record from the. Circuit Court of Winnebago county, State of Illinois, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that this writ of error be, and the same is hereby, dismissed, for the want of jurisdiction.